UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RHONDA M. HUTCHINGS,

                            Plaintiff,

   -v-                                                        6:10-CV-1564

CAROLYN W. COLVIN, Acting Commissioner of
Social Security,[1]

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

PETER W. ANTONOWICZ, ESQ.
Attorney for Plaintiff
148 West Dominick Street
Rome, NY 13440

OFFICE OF REGIONAL GENERAL COUNSEL    PETER W. JEWETT, ESQ.
SOCIAL SECURITY ADMINISTRATION REGION II
Attorneys for Defendant
26 Federal Plaza Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      This matter is brought pursuant to §§ 205(g) & 1631(b)(3) of the Social Security Act,

as amended, 42 U.S.C. §§ 405(g) & 1383(c)(3), to review a final determination of the

Commissioner of Social Security denying the plaintiff's claim for Supplemental Security

---

[1] Carolyn W. Colvin ("Colvin) became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Colvin is substituted for Michael J. Astrue as the defendant in this action. The Clerk is directed to change the caption to reflect this change.

Income benefits.  The parties have filed their briefs, including the Administrative Record on Appeal, and the matter has been submitted for decision without oral argument.

## II. BACKGROUND

Plaintiff Rhonda M. Hutchings ("plaintiff" or "Hutchings") filed an application for social security disability benefits on November 3, 2006, claiming a period of disability beginning on November 3, 2006.  Her claims were denied on April 13, 2007.  She filed a request for a hearing on May 4, 2007, and a hearing was held before an Administrative Law Judge ("ALJ") on June 17, 2009.[2]  The ALJ rendered a decision on August 4, 2009, denying plaintiff's claim.  Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council.  On November 9, 2010, the Appeals Council declined further review of the ALJ's decision.  Thus, the ALJ's decision became the final decision of the Commissioner.

## III. DISCUSSION

### A. Standard of Review

The scope of a court's review of the Commissioner's final decision is limited to determinating whether the decision is supported by substantial evidence and the correct legal standards were applied.  Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (citing Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002)); Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)).  "Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217

---

[2] A hearing was held on March 18, 2009, which the ALJ adjourned in order for the plaintiff to obtain representation.

(1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 464 (1951)).  If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  Id.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  Martone, 70 F. Supp. 2d at 148 (citing Johnson, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); see Martone, 70 F. Supp. 2d at 148.  "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available.  42 U.S.C. § 405(g); Martone, 70 F. Supp. 2d at 148 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).  A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that there is new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing.  Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)).  Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing."  Id. at 644.  However, where the underlying

administrative decision is not supported by substantial evidence, reversal is appropriate because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits); Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

### B. Disability Determination—The Five Step Evaluation Process

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The Administrative Law Judge ("ALJ") must follow a five step evaluative process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must determine whether the claimant is engaging in substantial gainful activity. If the claimant is engaging in substantial gainful activity he is not disabled and he is not entitled to benefits. Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful employment, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment meets or equals an impairment listed in Appendix 1 of the regulations.  Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1.  If so, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant's residual functional capacity ("RFC") precludes the performance of his or her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The burden of proof with regard to the first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and  final step.  Perez, 77 F.3d at 46.  This step requires the agency to examine whether the claimant can do any type of work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that "factors such as a claimant's age, education, and previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs:  very heavy, heavy, medium, light, and sedentary."  Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy

that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council. Perez, 77 F.3d at 44. If review is granted, the decision of the Appeals Council is the final decision of the Commissioner. Id. If review is denied, then the final decision is that of the ALJ. Id. The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

## C. Analysis

Hutchings argues that the ALJ made errors of law in determining her RFC. She also argues that the ALJ improperly assessed plaintiff's credibility with regard to her subjective complaints of pain.

### 1. Residual Functional Capacity determination

According to Hutchings, the ALJ did not give proper weight to her medical sources. If the opinion of a treating physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record" it is given controlling weight. 20 C.F.R. § 404.1527(d)(2)). However, where the treating physician's opinion is not given controlling weight, the weight it is given is determined by consideration of the following factors:  length of treatment relationship; frequency of examination; nature and extent of the treatment relationship; supportability, especially by medical signs and laboratory findings; consistency with the record as a whole; specialization; and other factors pointed out by the plaintiff. Id.

The ALJ found that Hutchings is capable of a full range of sedentary work.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain

> amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). According to plaintiff, the ALJ should have given controlling weight to Dr. Gould's RFC assessment of April 14, 2009. Dr. Gould's RFC assessment reflected that plaintiff could occasionally lift and carry ten pounds, and could frequently lift and carry five pounds or less. R. at 371. He also assessed that she could perform frequent reaching as well as unlimited handling, fingering, and feeling. Id. These assessments are completely consistent with the requirements for sedentary work.

However, Dr. Gould's assessment further set forth that plaintiff could stand or walk less than four hours, and sit less than four hours, in an eight hour day. Further, he opined she could climb stairs occasionally, never climb a ladder, and never balance, kneel, crouch, crawl, or stoop. The assessment as to these functional restrictions are inconsistent with the record as a whole as well as Dr. Gould's own office notes from the same day and about six weeks later (as well as all previous office notes).

According to Dr. Gould's notes from April 14, 2009, plaintiff was using a TENS unit and a coccygeal relief pillow which were helpful. Id. at 373. She used Flexeril and ibuprofen which were helpful. Id. Her pain was now tolerable and centralized. Id. She had a normal gait and was not in apparent distress. Id. He opined that she had a moderate to marked partial disability, and could do light duty. Id. Dr. Gould had essentially the same impressions after his examination of Hutchings on June 1, 2009. She had a normal gait and was not in apparent distress. Id. at 376. She had a moderate to marked disability and could do light duty. Id. Further, Dr. Gould encouraged plaintiff to continue working with the state Vocational Educational Services for Individuals with Disabilities ("VESID"). Dr. Gould's office

notes from prior to April 14, 2009, also were inconsistent with his RFC assessment but were consistent with an RFC of a full range of sedentary work. See id. at 355 (moderate partial disability; can do sedentary work); 333 (same); 331 (same); 329 (moderate partial disability; can do light work); 326 (same); 322 (same); 319 (same) 317 (same); 315 (same); 312 (same); 309 (same) (record citations in chronological order from November 8, 2007, to March 4, 2009).

In addition, the other treating and examining medical sources' notes are inconsistent with Dr. Gould's April 14, 2009, RFC assessment.  Dr. Buckley, plaintiff's orthopedic surgeon, treated her from 2002 to early 2008.  Dr. Buckley reported that Hutchings progressed very well after each surgery, and recommended that she work with VESID for retraining.  See, e.g., id. at 256, 243, 336.  On January 25, 2008, Dr. Buckley opined that plaintiff had a partial mild disability.  Id. at 336.  Dr. Alvarez performed independent medical examinations from November 2006 to April 2006.  Id. at 190–97.  On November 29, 2005, he opined that Hutchings could lift a maximum of twenty pounds, with no repetitive bending and lifting and no prolonged sitting and standing.  Id. at 197.  He gave a similar opinion on April 10, 2006, that plaintiff could do light duty work.  Id. at 192.  He opined that she should have a maximum exertion twenty pounds of force in lifting, carrying, pushing, and pulling with restrictions on repeated and sustained bending and lifting and twisting motions of her lower back.  Id. at 193.  Dr. Carton also performed independent medical examinations, from 2002 to 2004, and a record review in 2005.  Id. at 199–224.  On June 3, 2004, he opined that Hutchings could work with the following restrictions: avoid repetitive bending, kneeling, squatting, crawling, and climbing; and no lifting over twenty-five pounds.  Id. at 204.  He opined that she had a mild permanent partial disability.  Id.  Dr. Ganesh performed an orthopedic consultative

examination on December 29, 2006. Id. at 281–83. He opined that Hutchings had a moderate degree of limitation to sit, stand, walk, climb, lift, carry, push, pull, and bend. Id. at 283. Not only is the foregoing inconsistent with Dr. Gould's RFC assessment, it is consistent with the ALJ's determination that plaintiff can perform a full range of sedentary work.

Thus, the ALJ was not required to give controlling weight to Dr. Gould's RFC assessment. The ALJ properly gave little weight to the RFC assessment, while giving considerable weight to Dr. Gould's other opinions. Id. at 17. He properly gave little weight to Dr. Ganesh's opinion because it was performed shortly after a back surgery, and before removal of the bone stimulator, that is, prior to her full recovery. Id. The ALJ also properly gave some weight to the independent examiners. Id. at 18. Therefore, the ALJ did not err in the weight he gave to the medical source opinions, and his determination that Hutchings could perform a full range of sedentary work is supported by substantial evidence.[3]

## 2. Plaintiff's credibility

A plaintiff's subjective complaint "of pain is an important factor to be considered in determining disability." Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984). An ALJ, although permitted to independently judge subjective complaints of pain, must "'evaluate the credibility of a claimant . . . in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" Id. at 186 (quoting McLaughlin v. Sec'y of Health, Educ. & Welfare, 612 F.2d 701, 705 (2d Cir. 1980) (quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)). The credibility evaluation must also include consideration of

---

[3] It is noted that Hutchings also takes issue with the ALJ's mention of her participation in VESID and looking for a job as undermining her allegations that she cannot work due to her disability. It is unnecessary to address this issue, since the record provides substantial evidence to support the ALJ's determination without considering any negative inference drawn from plaintiff's VESID participation and search for employment.

plaintiff's "demeanor, testimony regarding his symptoms and daily activities and other evidence." Diaz v. Bowen, 664 F. Supp. 725, 730 (S.D.N.Y. 1987) (citing Marcus, 615 F.2d at 27). If substantial evidence supports the ALJ's assessment of plaintiff's credibility, that assessment will be given great deference. O'Connor v. Comm'r of Soc. Sec., No. 5:11-CV-1425, 2013 WL 1180963, at *9 (N.D.N.Y. Mar. 20, 2013) (McAvoy, J.). The ALJ's assessment of plaintiff's credibility will be rejected only where it is clearly erroneous. Id.

      The ALJ found that the allegations of pain and functional limitations made by Hutchings were not substantiated by objective medical evidence, then made a credibility finding based upon consideration of the entire record. R. at 14–16. At the hearing before the ALJ plaintiff stated that she could stand or walk for only ten to twenty minutes, and then would need to lay down for one-half to one hour with heat on her back. Id. at 37. She could lift or carry less than ten pounds, and could not lift any groceries. Id. The objective medical evidence shows that Hutchings has moderate partial functional limitations, as set forth above. Therefore, the ALJ properly considered the entire record in making his credibility assessment.

      Plaintiff testified at her hearing that although she needs help getting in and out of the shower, she is able to care for her own personal needs. Id. at 41. She visits her mother or sister a couple of times a week, and goes up and down stairs throughout the day. Id. at 40–41. She cooks dinner, reads, crochets, and takes short walks daily. Id. at 38. However, she does not do laundry, dishes, sweeping, or vacuuming. Id.

      Treating and examining sources reported that plaintiff was doing well. Plaintiff repeatedly reported that she felt much better, her pain was tolerable, her prescribed TENS and coccygeal relief pillow were helpful, she did not take any pain medication, and pain

medication she did take was helpful. See, e.g., id. at 195, 214, 207, 243, 255, 258, 260, 267, 308, 328, 330. The ALJ's assessment that plaintiff's report of severe functional limitations was less than credible is supported by substantial evidence in the record. This credibility assessment is given great deference, and is not clearly erroneous.

## IV. CONCLUSION

The ALJ gave appropriate weight to the medical sources, including treating physician Dr. Gould. Further, the ALJ made a proper assessment of the plaintiff's allegations as to the pain she suffers and the extent it causes functional limitations. The ALJ's determination that Hutchings can perform a full range of sedentary work and, based upon her age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she can perform, and, therefore, she is not disabled is supported by substantial evidence.

Accordingly, it is

ORDERED that

1. The Commissioner's motion for judgment on the pleadings is GRANTED;

2. The Commissioner's decision denying plaintiff disability benefits is AFFIRMED; and

3. The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 24, 2013
       Utica, New York.